an article of food by our own citizens. The act of 1885, relating to oleomargarine, is entirely different, both in its purpose and phraseology. It was, as its title clearly indicates, an act to protect the public health, and to prevent adulteration of certain articles of food. It was for this reason that its constitutionality was sustained by this court in Powell v. The Commonwealth, 114 Pa. 265. It is difficult to see how it could be sustained as a police regulation for any other reason.

The first section of the act of 1885 prohibits the manufacture or sale of oleomargarine. The third section enacts that "every person, company, firm or corporate body, who shall manufacture, sell, or offer or expose for sale, or have in his, her or their possession with intent to sell, any substance, the manufacture or sale of which is prohibited by the first section of this act, shall, for every such offence, forfeit or pay the sum of $100," etc. It will thus be seen that the first section of the act prohibits the manufacture of the article, and the third section prohibits its sale without regard to the place of its manufacture.

Judgment affirmed.

# Heller et al., Appellants, *v.* North & West Branch Railway Company.

*Trespass—Railroad company—Entry upon land by contractors not in employ of.*

An entry without bond on land in the line of one railway, by contractors employed by another railroad company which is the principal stockholder in the first company, will not authorize a suit for trespass against the first company, although this company filed a bond within four days after the suit was commenced.

Argued April 13, 1892. Appeal, No. 408, Jan. T., 1892, by plaintiffs, Elias M. Heller and Francis W. Heller, executors of Samuel Heller, deceased, from judgment of C. P. Luzerne Co., Nov. T., 1882, No. 345, compulsory nonsuit. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Trespass for damages for entry of defendant upon plaintiff's land without filing a bond.

The suit was begun Nov. 18, 1882, and a bond filed by defendant Nov. 22, 1882. The evidence on the trial showed that

the entry complained of was made by Jamison and Collins, contractors for the Pennsylvania Railroad Company, and that the Pennsylvania Railroad Company was the principal owner of the stock of the defendant company. The court entered a compulsory nonsuit and refused to take it off.

*Errors assigned* were (1) entry of nonsuit; (2) refusal to take it off.

*A. Ricketts*, for appellants.

*Henry W. Palmer*, for appellee.

PER CURIAM, April 25, 1892:
Judgment affirmed.

## Longenberger's Estate. McAlarney's Appeal.

*Insolvent executor—Failure to give bond—Removal.*

Where an insolvent executor has been ordered to give security and it is uncertain whether the order was ever fully complied with and the bond filed as directed by the court, and the bond cannot be found in the office of the clerk, it is perfectly proper to order the executor to enter new security or be dismissed, there being nothing upon the record to show who the prior surety was: Boyd v. Commonwealth, 36 Pa. 355, distinguished.

Argued April 13, 1892, Appeal, No. 409, Jan. T., 1892, by James McAlarney, executor of George Longenberger, deceased, from decree of O. C. Columbia Co., May T., 1878, No. 21, ordering appellant to enter security or be dismissed. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was, among others, ordering the executor at this time to execute a bond in the sum of ten thousand dollars, otherwise to be dismissed.

*A. Ricketts*, for appellant.

*W. H. Rhawn* and *James Scarlet*, *B. F. Zarr* and *C. E. Geyer* with them, for appellee.

PER CURIAM, April 25, 1892 :
The decree of the court below, from which this appeal was taken, was in the alternative. It ordered " that James Mc-